UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WALTER LEIVA,<br><br>    Plaintiff,<br><br>    v.<br><br>K.W. EMERSON, INC., et al.,<br><br>    Defendants. | Case No. 2:25-cv-01956-CSK<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S AMENDED MOTION TO DISMISS AND DENYING PLAINTIFF'S MOTION TO REMAND<br><br>(ECF Nos. 6, 16) |

Pending before the Court are Defendant K.W. Emerson, Inc.'s amended motion to dismiss (ECF No. 6) and Plaintiff Walter Leiva's motion to remand (ECF No. 16).[1] A hearing was held on both motions on October 21, 2025. (ECF No. 20.) Attorney Mariam Ghazaryan appeared on behalf of Plaintiff and attorney Matthew Green appeared on behalf of Defendant. *Id.* For the reasons that follow, the Court GRANTS IN PART AND DENIES IN PART Defendant's amended motion to dismiss and DENIES as moot Plaintiff's motion to remand.

/ / /

/ / /

---

[1] This case proceeds before the undersigned pursuant to 28 U.S.C. § 636(c) for all purposes, including the entry of judgment, pursuant to the consent of all parties. (ECF No. 11.)

1

I. BACKGROUND

  A.  Factual Allegations[2]

Plaintiff brings this putative class action against Defendant for violations of California's Labor Code and unfair business practices. Compl. ¶ 1 (ECF No. 1-1, Exh. A). Plaintiff is a grounds man who worked for Defendant as a non-exempt employee during the statutory period. *Id*. ¶¶ 7, 13. Plaintiff was typically scheduled to work at least five (5) days in a workweek and typically in excess of eight (8) hours in a single workday. *Id*. ¶ 13. The purported Class consists of Plaintiff and all other persons who have been employed by Defendant in California as an hourly, non-exempt employee during the relevant period. *Id*. ¶¶ 2, 23.

Plaintiff and the Class allege Defendant maintained a policy and practice of failing to pay Plaintiff and the Class for all hours worked, including minimum wages, straight time wages and overtime wages. *Id*. ¶ 15. Plaintiff and the Class were required to work off the clock, leading to uncompensated time. *Id.* Plaintiff and the Class's meal periods were sometimes interrupted without compensation. *Id.* Plaintiff and the Class also received non-discretionary bonuses, extra benefit payments, and other remuneration, however, Defendant failed to incorporate all remuneration when calculating the correct rate of pay for overtime, break premium and sick pay, leading to underpayment. *Id.*

Plaintiff and the Class further allege Defendant maintained a policy and practice of failing to provide compliant meal periods. Compl. ¶ 16. At times, Plaintiff and the Class were required to work in excess of five (5) hours and ten (10) hours without receiving continuous and uninterrupted, duty-free meal periods. *Id.* Defendant also did not adequately inform Plaintiff and the Class of their right to take a meal period at the end of the fifth hour of work, or for shifts greater than ten (10) hours by the end of the tenth hour

---

[2] These facts primarily derive from the Complaint (ECF No. 1-1, Exh. A), which are construed in the light most favorable to Plaintiff as the non-moving party. *Faulkner v. ADT Sec. Servs.*, 706 F.3d 1017, 1019 (9th Cir. 2013). However, the Court does not assume the truth of any conclusory factual allegations or legal conclusions. *Paulsen v. CNF Inc.*, 559 F.3d 1061, 1071 (9th Cir. 2009).

of work. *Id.*

Plaintiff and the Class also allege Defendant maintained a policy and practice of failing to authorize and permit compliant rest periods. Compl. ¶ 17. At times, Defendant required Plaintiff and the Class to work in excess of four (4) hours a day without authorizing and permitting a ten (10) minute continuous, uninterrupted rest period, or without compensation for rest periods that were not authorized or permitted. *Id.* Defendant also did not adequately inform Plaintiff and the Class of their right to take a rest period. *Id.* Further, Defendant did not maintain accurate records of employee work periods and did not have adequate policies or practices to verify whether Plaintiff and the Class were taking their required rest periods. *Id.*

The Complaint alleges Defendant further required Plaintiff and the Class to pay for expenses they incurred in direct discharge of their duties without reimbursement, including expenses related to the use of personal cell phones, personal vehicles, and the purchase of hard hat and gloves. Compl. ¶ 18. Defendant also willfully failed and refused to pay timely wages to Plaintiff and the Class at the conclusion of their employment and did not issue Plaintiff and the Class their final paychecks immediately upon termination. *Id*. ¶ 19. Defendant further failed to furnish to Plaintiff and the Class accurate, itemized wage statements showing all applicable hourly rates, gross and net wages earned, and Defendant's address as required by California law. *Id*. ¶ 20. For relief, Plaintiff and the Class seek declaratory, monetary, and other forms of relief. *Id*. at 21-25.

B.     **Procedural Posture**

On May 23, 2025, Plaintiff initiated this action in Calaveras County Superior Court against Defendant alleging eight causes of action: (1) failure to pay minimum wage in violation of California Labor Code §§ 204, 1194, 1194.2, 1197; (2) failure to pay overtime compensation in violation of California Labor Code §§ 510, 1194, 1198; (3) failure to provide meal periods in violation of California Labor Code §§ 226.7, 512; (4) failure to authorize and permit rest breaks in violation of California Labor Code §§ 226.7, 512; (5) failure to indemnify necessary business expenses in violation of California Labor

Code § 2802; (6) failure to timely pay final wages at termination in violation of California Labor Code §§ 201-203; (7) failure to provide accurate itemized wage statements in violation of California Labor Code § 226; and (8) unfair business practices in violation of California Business and Professions Code §§ 17200, *et seq*. Compl. ¶¶ 30-94. On July 14, 2025, Defendant removed this action based on federal question. Removal (ECF No. 1). On July 21, 2025, Defendant filed the pending amended motion to dismiss and filed an amended request for judicial notice. Def. Mot. Dismiss (ECF No. 6); Def. RJN (ECF No. 6-1). On August 4, 2025, Plaintiff filed his opposition and objections to Defendant's amended request for judicial notice. (ECF Nos. 12, 13.) Defendant filed its reply on August 14, 2025. (ECF No. 14.) On August 27, 2025, Plaintiff filed the pending motion to remand. Pl. Mot. Remand (ECF No. 16). On September 10, 2025, Defendant filed its opposition, and Plaintiff filed his reply on September 19, 2025. (ECF Nos. 18. 19). A hearing was held on October 21, 2025 on both motions and the motions were taken under submission. (ECF No. 20.)

## II.    LEGAL STANDARDS

### A.    Failure to State a Claim under Rule 12(b)(6)

A claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint fails to state a claim if it either lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. *Mollett v. Netflix, Inc.*, 795 F.3d 1062, 1065 (9th Cir. 2015). When considering whether a claim has been stated, the court must accept the well-pleaded factual allegations as true and construe the complaint in the light most favorable to the non-moving party. *Id*. However, the court is not required to accept as true conclusory factual allegations contradicted by documents referenced in the complaint, or legal conclusions merely because they are cast in the form of factual allegations. *Paulsen*, 559 F.3d at 1071.

### B.    Motion to Remand

28 U.S.C. § 1441(a) states ". . . any civil action brought in a State court of which

the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States . . . ." "The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute." *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004), *opinion amended on denial of reh'g*, 387 F.3d 966 (9th Cir. 2004). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded to state court. 28 U.S.C. § 1447(c).

Federal courts are courts of limited jurisdiction and may hear only those cases authorized by federal law. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). Jurisdiction is a threshold inquiry, and "[f]ederal courts are presumed to lack jurisdiction, 'unless the contrary appears affirmatively from the record.'" *Casey v. Lewis*, 4 F.3d 1516, 1519 (9th Cir. 1993) (quoting *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 546 (1986)); *see Morongo Band of Mission Indians v. Cal. State Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988). Without jurisdiction, the district court cannot decide the merits of a case or order any relief. *See Morongo*, 858 F.2d at 1380. For a case removed without federal jurisdiction, the district court must remand the case back to state court. 28 U.S.C. § 1447(c).

A federal court's jurisdiction may be established in one of two ways: actions arising under federal law or those between citizens of different states in which the alleged damages exceed $75,000. 28 U.S.C. §§ 1331, 1332. "Subject-matter jurisdiction can never be waived or forfeited," and "courts are obligated to consider *sua sponte*" subject matter jurisdiction even when not raised by the parties. *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012).

### III.   DISCUSSION

Defendant moves to dismiss the entire action pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim and for failure to comply with Rule 8. Def. Mot. Dismiss at 3-4. Defendant argues the First (failure to pay minimum wage), Second

5

(failure to pay overtime), Fourth (failure to authorize or permit rest breaks), Sixth (failure to timely pay final wages at termination), Seventh (failure to provide accurate itemized wage statements), and Eighth (unfair business practices) causes of action are preempted by the Labor Management Relations Act, 29 U.S.C. §§ 185, *et seq*. ("LMRA"). Alternatively, Defendant argues that the Seventh cause of action is barred by the statute of limitations, the Eighth cause of action seeks improper relief, and that all causes of action fail to comply with Rule 8. Def. Mot. at 1. Plaintiff moves to remand the action for lack of subject matter jurisdiction arguing Plaintiff's claims arise solely under state law and do not substantially depend on an analysis of any relevant collective bargaining agreement ("CBA") and are therefore not preempted under the LMRA § 301. Pl. Mot. Remand at 1. The Court first addresses Defendant's amended request for judicial notice in support of its motion.

### A.     Defendant's Amended Request for Judicial Notice

In conjunction with Defendant's pending motion, Defendant requests the Court take judicial notice of the following four exhibits: (1) "California Outside Line Construction Agreement Between Western Line Constructors Chapter of NECA and Local Unions No. 47 and 1245 AFL-CIO International Brotherhood of Electrical Workers, effective June 1, 2022-May 31, 2027" (Exh. A); (2) "California Outside Line Construction Agreement Between Western Line Constructors Chapter of NECA and Local Unions No. 47 and 1245 AFL-CIO International Brotherhood of Electrical Workers, effective June 1, 2017-May 31, 2022 (Exh. B); (3) "Defendant's Letter of Assent certifying compliance with California Outside Line Construction Agreement Between Western Line Constructors Chapter of NECA and Local Unions No. 47 and 1245 AFL-CIO International Brotherhood of Electrical Workers" (Exh. C); and (4) a website copy of the State of California's Department of Industrial Relations, Minimum Wage Frequently Asked Questions – https://www.dir.ca.gov/dlse/faq_minimumwage.htm (Exh. D). Def. RJN at 2. Defendant requests the Court take judicial notice of the applicable CBAs (Exhs. A, B), Defendant's Letter of Assent to the CBAs (Exh. C), and the State of California's minimum wage

6

amounts (Exh. D) pursuant to Federal Rule of Evidence 201(b). *Id*. at 2-3. Plaintiff does not object to the Court taking judicial notice of the State of California's minimum wage amounts (Exh. D), but objects to the Court taking judicial notice of the CBAs (Exhs. A, B) and Letter of Assent (Exh. C). Pl. Mot. at 1. Plaintiff argues Defendant has not established Plaintiff is subject to the CBAs (Exhs. A, B) and that there is disagreement amongst the parties that resolution of the Complaint substantially depends on interpretation or analysis of the CBAs. Pl. Mot. at 2. Plaintiff also argues the Complaint does not mention the CBAs (Exh. A, B) or incorporate the CBAs by reference, and that resolution of this action does not require relying on the CBAs. *Id*. at 1, 2. Finally, Plaintiff objects to the Court taking judicial notice of the Letter of Assent (Exh. C) because it only applies to Local Union No. 1245 and is not signed by a representative of Local Union No. 47 and is therefore incomplete and fails to comply with Federal Rule of Evidence 201(c)(2). *Id*. at 2.

When reviewing a motion to dismiss, courts may consider undisputed facts contained in judicially noticeable documents under Federal Rule of Evidence 201 without converting the motion to one for summary judgment. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). This includes undisputed facts from documents attached to the complaint or those on which the complaint "necessarily relies." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006). Courts routinely take judicial notice of the governing collective bargaining agreement to decide a motion to dismiss where necessary to resolve issues of preemption. *See Patrick v. Nat'l Football League*, 2023 WL 6162672, at *3 (C.D. Cal. Sept. 21, 2023) ("It is often necessary to consider the contents of a CBA to decide a motion to dismiss based on an argument of complete preemption, which is considered an 'independent corollary to the well-pleaded complaint rule.') (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987)); *Densmore v. Mission Linen Supply*, 164 F. Supp. 3d 1180, 1187 (E.D. Cal. 2016) (taking judicial notice of CBAs where necessary to resolve issues of preemption on a motion to dismiss); *Parrino v. FHP, Inc.*, 146 F.3d 699, 704 (9th Cir. 1998) ("Because complete preemption often

applies to complaints drawn to evade federal jurisdiction, a federal court may look beyond the face of the complaint to determine whether the claims alleged as state law causes of action in fact are necessarily federal claims.").

The Court takes judicial notice of the CBAs (Exhs. A, B), which are necessary to decide the pending motion to dismiss based on preemption. *See Patrick*, 2023 WL 6162672, at *3. The Court also takes judicial notice of the State of California's minimum wage amounts (Exh. D), which Plaintiff does not object to and which is a matter of public record and not subject to reasonable dispute. *See* Fed. R. Evid. 201(b). The Court, however, declines to take judicial notice of the Letter of Assent (Exh. C) because it is not necessary to the adjudication of the issues before the Court. Accordingly, the Court grants Defendant's request for judicial notice as to the CBAs (Exhs. A, B) and the State of California's minimum wage amounts (Exh. D), and denies Defendant's request for judicial notice of the Letter of Assent (Exh. C.

### B. Dismissal of Seventh Cause of Action

At the hearing, Plaintiff agreed to dismiss the Seventh cause of action for failure to provide accurate itemized wage statements. Accordingly, the Court dismisses without leave to amend Plaintiff's Seventh cause of action for failure to provide accurate itemized wage statements. To the extent Plaintiff's Eighth cause of action for unfair business practices is derivative of the Seventh cause of action, the Eighth cause of action is dismissed in part for the same reason.

### C. LMRA Preemption

The Court next addresses whether the First (failure to pay minimum wage), Second (failure to pay overtime), Fourth (failure to authorize or permit rest breaks), Sixth (failure to timely pay final wages at termination), and Eighth (unfair business practices) causes of action are preempted by the LMRA § 301.

#### 1. LMRA Section 301

Section 301 of the LMRA provides federal jurisdiction over "[s]uits for violation of contracts between an employer and a labor organization." 29 U.S.C. § 185(a). The

United States Supreme Court has interpreted Section 301 as authorizing federal courts to create a body of federal common law to be used to address disputes that arise out of labor contracts. *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 209 (1985). Section 301 governs claims founded directly on rights created by CBAs and claims "substantially dependent on analysis of a [CBA]." *Caterpillar Inc.*, 482 U.S. at 394. Section 301 "preempts the use of state contract law in CBA interpretation and enforcement." *Matson v. United Parcel Serv., Inc.*, 840 F.3d 1126, 1132 (9th Cir. 2016) (internal quotation marks and citation omitted). The Ninth Circuit has created a two-step inquiry to determine whether a claim is preempted by the LMRA. First, a court must determine whether the claim asserted "involves a right conferred upon an employee by virtue of state law, not by a CBA. If the right exists solely as a result of the CBA, then the claim is preempted, and our analysis ends there." *Burnside v. Kiewit Pac. Corp.*, 491 F.3d 1053, 1059 (9th Cir. 2007). If the court determines the right exists independently of the CBA, the court must proceed to the second step and consider whether the right is "nevertheless substantially dependent on analysis of a [CBA]." *Id.* (internal quotation marks and citation omitted). Whether a right is substantially dependent on analysis of a CBA "turns on whether the claim cannot be resolved by simply 'looking to' versus 'interpreting' the CBA." *Curtis v. Irwin Indus., Inc.*, 913 F.3d 1146, 1153 (9th Cir. 2019) (quoting *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1033 (9th Cir. 2016)). At this second step, "claims are only preempted to the extent there is an active dispute over the meaning of the contract terms." *Id.* (internal quotation marks and citation omitted).

### 2. First Cause of Action (Minimum Wage)

Plaintiff brings his First cause of action for failure to pay minimum wage pursuant to California Labor Code § 1194. Compl. ¶ 32. California Labor Code § 1194 provides, "[n]otwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of

9

this minimum wage or overtime compensation." Defendant argues that the minimum wage cause of action is preempted by the LMRA § 301 at the second step because the minimum wage cause of action is substantially dependent on an analysis of the CBA. Def. Mot. Dismiss at 8-10. Defendant argues there are numerous phrases and provisions in the CBA that require interpretation to determine how employees are paid and/or how their hours are calculated. *Id*. at 9-10 (citing to Def. RJN, Exhs. A, B at §§ 4; 4.1 ("Hours-Wage Payments-Regular Work Hours"); 4.2 ("Rate of Wages") and 4.4 ("Show-Up Pay")). At the hearing, Defendant argued the "active dispute" within the CBA was that to determine the number of hours worked by Plaintiff, the Court would need to reference and interpret the cited provisions in the CBA to make a determination of how many hours Plaintiff worked.

The Complaint alleges Plaintiff did not receive compensation for all hours worked. Compl. ¶ 32. Plaintiff's minimum wage cause of action is clearly premised on state law and does not require interpreting the CBA. The Court has reviewed the CBA provisions cited by Defendant and does not find there is a substantive dispute as to the language of these sections, nor has Defendant identified any substantive dispute over the language of the CBA provisions that would require interpretation of the CBA to address Plaintiff's minimum wage cause of action. Even if the Court refers to the CBA, this does not necessarily convert the claim into one that requires interpretation of the CBA. *See Curtis*, 913 F.3d at 1153. Here, Defendant has not established that the Court will need to go beyond referencing the CBA. *See Livadas v. Bradshaw*, 512 U.S. 107, 124 (1994) ("when the meaning of contract terms is not the subject of dispute, the bare fact that a collective-bargaining agreement will be consulted in the course of state-law litigation plainly does not require the claim to be extinguished."). Defendant's "hypothetical connection" between the minimum wage cause of action and the provisions of the CBA are not enough to determine this cause of action is preempted by the LMRA § 301. *Cramer v. Consol. Freightways Inc.*, 255 F.3d 683, 691-92 (9th Cir. 2001), *as amended* (Aug. 27, 2001). Therefore, the Court does not find that there is an active dispute over

the meaning of contract terms in the CBA as it relates to Plaintiff's minimum wage cause of action, and that resolving Plaintiff's minimum wage cause of action will require the Court to interpret the CBA to address it. *See Curtis*, 913 F.3d at 1153. Accordingly, Plaintiff's First cause of action for failure to pay minimum wage is not preempted by the LMRA § 301.

### 3. Second Cause of Action (Overtime)

Plaintiff brings his Second cause of action for failure to pay overtime pursuant to California Labor Code § 510. Compl. ¶ 41. Defendant argues that the overtime claim is preempted by LMRA § 301 at the first step because the overtime claim exists solely as a result of the CBA. Def. Mot. Dismiss at 5-7; *see Curtis*, 913 F.3d at 1155. Defendant reasons that California Labor Code § 510 does not apply because the exemption in Labor Code § 514 applies. *See* Cal. Labor Code §§ 510, 514. Under the Labor Code § 514 exemption, the overtime requirements of "Sections 510 and 511 do not apply to an employee covered by a valid collective bargaining agreement if the agreement expressly provides for the wages, hours of work, and working conditions of the employees, and if the agreement provides premium wage rates for all overtime hours worked and a regular hourly rate of pay for those employees of not less than 30 percent more than the state minimum wage." Cal. Labor Code § 514. Plaintiff agrees and concedes that his overtime claim is preempted. *See* Pl. Opp. at 4; Pl. Mot. Remand at 8. The Court agrees with the parties and holds that the overtime claim is preempted by LMRA § 301 and that this claim is based on the CBA, not state law. *See* Curtis, 913 F.3d at 1155. The Court therefore has subject matter jurisdiction over this cause of action, and Defendant's removal to federal court was proper.

Because Plaintiff agrees that his Second cause of action for failure to pay overtime should be dismissed and requests dismissal of this cause of action without requesting leave to amend, the Second cause of action for failure to pay overtime is

/ / /

/ / /

dismissed without leave to amend[3] and the Court need not address whether the overtime cause of action should be dismissed on a separate, alternative ground.

### 4. Fourth Cause of Action (Rest Breaks)

Plaintiff brings his Fourth cause of action for failure to authorize or permit rest breaks pursuant to Labor Code §§ 226.7 and 512. Compl. ¶ 54. Defendant argues that the rest break cause of action is preempted by the LMRA § 301 at the first step because the CBA provides equivalent, and even exceeds, protections provided by state law and therefore Plaintiff's right exists solely as a result of the CBA. Def. Mot. Dismiss at 7. Under the first step in determining preemption under the LMRA § 301, a cause of action for failure to authorize or permit rest breaks pursuant to Labor Code §§ 226.7 and 512 is preempted only if a CBA is the "'only source' of the right underlying the claim, as opposed to an additional source." *Renteria-Hinojosa v. Sunsweet Growers, Inc.*, 150 F.4th 1076, 1089 (9th Cir. 2025) (quoting *Alaska Airlines Inc. v. Schurke*, 898 F.3d 904, 921 (9th Cir. 2018)). As is the case here, a CBA that provides equivalent or greater protections for rest breaks does not preempt a rest break cause of action pursuant to Labor Code §§ 226.7 and 512 under the LMRA § 301. Plaintiff's rest break cause of action is therefore not preempted under this first step.

As to the second preemption step, the Ninth Circuit has found the terms of a CBA on rest breaks are "irrelevant" to a state law claim alleging rest break violations because "California's rest break requirements are a minimum labor standard that neither an employee nor their collective bargaining representative can waive." *Renteria-Hinojosa*, 150 F.4th at 1090 (internal quotation marks and citation omitted). Accordingly, Plaintiff's Fourth cause of action for failure to authorize or permit rest breaks is not preempted by the LMRA § 301.

///

---

[3] The Court therefore declines to address whether leave to amend should be provided. The Court further notes that the Complaint does not refer to the CBA at all, let alone allege that grievance procedures within the CBA were exhausted. *See* Compl.

### 5. Sixth and Eighth Causes of Action (Timely Final Wages and Unfair Business Practices)

Plaintiff's Sixth cause of action for failure to timely pay final wages at termination and Eighth cause of action for unfair business practices are derivative of the First (failure to pay minimum wage), Second (failure to pay overtime), Third (failure to provide meal periods), Fourth (failure to authorize and permit rest breaks) and Fifth (failure to indemnify necessary business expenses) causes of action. *See* Compl. ¶¶ 61-67, 76-80. To the extent Plaintiff's Sixth and Eighth causes of action are derivative of the Second cause of action, the Sixth and Eighth causes of action are dismissed for the same reasons as provided above. Additionally, because the Court has found that the First and Fourth causes of action are not preempted under the LMRA § 301, the derivative Sixth and Eighth causes of action are also not preempted to the extent they are derivative of the First and Fourth causes of action. *See Plagakis v. Outsource Util. Contractor Corp.*, 2023 WL 8602161, at *7 (E.D. Cal. Dec. 12, 2023) ("where a court finds a claim preempted by section 301 of the LMRA…derivative state law claims likewise would be…preempted to the same extent for the same reason").

### D. Supplemental Jurisdiction

A court may decline to exercise supplemental jurisdiction over state law claims if it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 940 (9th Cir. 2012). The decision to retain or decline jurisdiction must be made in light of "the objectives of economy, convenience and fairness to the parties, and comity." *Trustees of Constr. Indus. & Laborers Health & Welfare Trust v. Desert Valley Landscape & Maintenance, Inc.*, 333 F.3d 923, 925 (9th Cir. 2003). The United States Supreme Court has held "[n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties" and that if "the federal claims are dismissed before trial...the state claims should be dismissed as well." *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966). Here, the Court has dismissed the Second cause of action (failure to pay

13

overtime), and related derivative causes of action, over which it has original jurisdiction. Plaintiff's remaining causes of action are independent state law claims. Accordingly, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims in the interest of comity and to promote convenience and fairness to the parties. *See id.* The Court therefore sua sponte remands to state court the remaining state law claims including Plaintiff's First cause of action (failure to pay minimum wage), Third cause of action (failure to provide meal periods), Fourth cause of action (failure to authorize or permit rest breaks), Fifth cause of action (failure to indemnify necessary business expenses), Sixth cause of action (failure to timely pay final wages at termination) that is not derivative of the dismissed Second or Seventh Causes of Action, and Eighth cause of action (unfair business practices) that is not derivative of the dismissed Second or Seventh causes of action. *See Tolentino v. Gillig, LLC*, 2021 WL 121193, at *7 (N.D. Cal. Jan. 13, 2021) ("given the early stage of the proceedings, the Court declines to exercise supplemental jurisdiction over the state law claims, and those claims will be remanded to state court.").

### E. Alternative Ground for Dismissal

The Court declines to address Defendant's alternative grounds for dismissal based on the Court's declination to exercise supplemental jurisdiction over the remaining state law claims.

### F. Plaintiff's Motion to Remand

Because the Court has declined to exercise supplemental jurisdiction as to the remaining state law claims and remands this action to state court, Plaintiff's motion to remand is denied as moot.

## IV. CONCLUSION

In conclusion, IT IS HEREBY ORDERED that:

1. Defendant's amended motion to dismiss (ECF No. 6) is GRANTED in part and DENIED in part.

    a. Plaintiff's Second cause of action (failure to pay overtime) and

14

Seventh cause of action (failure to provide accurate itemized wage statements) are DISMISSED without leave to amend. To the extent Plaintiff's Sixth cause of action (failure to timely pay final wages at termination) and Eighth cause of action (unfair business practices) are derivative of the dismissed Second and Seventh causes of action, those portions of the Sixth and Eighth causes of action are also DISMISSED without leave to amend.

    b. Plaintiff's First (failure to pay minimum wage) and Fourth (failure to authorize or permit rest breaks) causes of action are not preempted under the LMRA § 301. To the extent Plaintiff's Sixth cause of action (failure to timely pay final wages at termination) and Eighth cause of action (unfair business practices) are derivative of the First and Fourth causes of action, those portions of the Sixth and Eighth causes of action are also not preempted under the LMRA § 301.

    c. The Court declines to exercise supplemental jurisdiction over the remaining state law claims, including Plaintiff's First cause of action (failure to pay minimum wage), Third cause of action (failure to provide meal periods), Fourth cause of action (failure to authorize or permit rest breaks), Fifth cause of action (failure to indemnify necessary business expenses), and to the extent the Sixth cause of action (failure to timely pay final wages at termination) and Eighth cause of action (unfair business practices) are derivative of these claims.

    d. This action is remanded to Calaveras County Superior Court as to the remaining state law claims.

2. Plaintiff's motion to remand (ECF No. 16) is DENIED as moot.

///

///

3. The Clerk of the Court is directed to enter judgment accordingly and CLOSE this case.

Dated: December 23, 2025

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

4, leiv1596.25